Good morning, everyone, and please be seated. I understand that everyone, all counsel, are present for today's argument calendar. So we'll dispense with the calling of the calendar. We've got four matters on today's calendar, including Medina v. Commissioner of Social Security 24154, which is on submission, deemed submitted, and as to which we'll reserve decision. So we'll start right away with the first matter on today's calendar, Wright v. United States, 21966, Mr. Larson. Thank you. Good morning, your honors. Matt Larson of the Federal Defenders for Mr. Wright. Your honors, Mr. Wright pleaded guilty to violating section 924C by possessing a gun in relation to a crime of violence, specifically in relation to a conspiracy to commit robbery. But given the Supreme Court's ruling in Davis, robbery conspiracy is not a crime of violence. Accordingly, as this court ruled in Barrett, 924C convictions based on robbery conspiracies, quote, must be vacated. Can I ask an earlier question before the pleading? Was he indicted or charged with a robbery conspiracy? He was. There were three charges in the indictment, your honor. First was robbery conspiracy. Second was robbery. And the third charge in the indictment was 924C in relation to robbery. Was he indicted for robbery conspiracy? He was. In the first count, yes. I'll continue. So, your honors, the record is plain that the crime Mr. Wright pleaded guilty to was 924C in relation to a conspiracy. So the indictment in count three charges the correct predicate. And the plea agreement was in error. But during his allocution, did he not acknowledge that he participated in a robbery? Not just in an agreement to commit robbery, but he committed, he participated in the robbery of the jewelry store during which a gun was brandished. To take up your first point, your honor, the description of the plea agreement as this crime related to a conspiracy was not an error. That's the government's contention, but the record shows that the court- Well, all right, let me not say whether it's an error. I was inconsistent with the indictment. The indictment charges in furtherance of a robbery. And that's the charge. Right. In the allocution, he admits participating in a robbery of a jewelry store during which a gun was brandished. Actually, he didn't allocate to that, your honor. It's page 36 of the appendix. What he said was, I agreed with other people to unlawfully take property from the store. Yeah, but there are other places where it's apparent that there was, he admits that there was a robbery. I'll find it in a moment, but- And again, your honor, he says pursuant to that agreement to take property, one of the members possessed a gun and brandished it. And that was the only- And he was pursuant, as he said it, to count three of the indictment. I'm sorry, your honor? He pled guilty to count three of the indictment. No, count three of the indictment was not pled guilty to. What happened was this. The parties negotiated a deal by which, instead of pleading to count three, which was gun use in relation to robbery, Mr. Wright would plead guilty to gun use in relation to conspiracy. And what count was that? That was no count. Now, that's the government's argument, that because it was never charged by a grand jury, he couldn't possibly have been convicted of that. The government cites no authority for that proposition. The argument that it's making is that because this actual conviction was never charged by a grand jury, the conviction must be a violation of the right to grand jury indictment. And therefore, there's been a constructive amendment here, because there was never a grand jury alleging gun use in relation to conspiracy. Were you ever able to find a case in which the government made that argument in an affirmative way? Never, your honor, because the right to grand jury indictment is a- And is that just, was your research limited to the Second Circuit, to the courts within the Second Circuit, or is that a nationwide search? I'm sure I looked first in the Second Circuit. Certainly, the government has identified no authority in any circuit for doing what it's asking this court to do, which is to rewrite the conviction. The reason that there's no authority for this, your honor, is because the right to grand jury indictment is a right that's personal to criminal defendants. It's not the government's right or prerogative to invoke to rewrite a conviction into something that an individual never pleaded guilty to, and a jury never found him guilty of committing. And counsel, it's true, isn't it, that the count for robbery was dropped because the robbery, in this case, was never completed? That's correct, your honor. This was an attempted robbery. They snatched the jewels, but on the way out, as they're running off in their car, they crash. And they run off and leave the jewels behind. So they never had the property. Precisely. This was an attempted robbery, not a completed one. They had the property for a while, didn't they? They're out the door, your honor. I mean, they left the store, they're in the car, they got the jewels in the car, and then they crash. So you don't think that's a robbery? It's an attempted robbery, your honor. They're escaping at this point. And these are the cases in our briefs, right? Let me ask you another question. You know, we're on collateral review. You have to show prejudice, right? Yes. What's the prejudice? The prejudice here is being, if you're, the prejudice here of the district court's ruling is pronouncing Mr. Wright guilty of a crime that he never pleaded guilty to, and a jury never convicted him of committing. That is the prejudice. These are bedrock principles of American law. You can't be convicted of a crime- We have a bunch of 924C cases where you don't need to be even charged with the predicate. But if the facts are established, and here I think they are, that it doesn't matter, you can still be convicted of the 924C. Interestingly enough, your honor, the Dussard case speaks to this situation where there may be multiple predicates charged. The individual pleaded to one 924C linked to a conspiracy, and then he says, well, in light of Davis, you have to throw that conviction out. Government will come back and say, no, you were also charged with gun use in relation to a robbery. You admitted doing that. He was charged with 924C in furtherance of a robbery. And he never pleaded to that, your honor. In his allocution, he says- In his allocution, I'm looking at page 38 of the appendix, you indicated that a weapon was used or brandished on April 5th. Where was that weapon used or brandished? Manhattan? And was that in connection with the taking of property, jewelry from a store? Yes. Why isn't that sufficient to admit that there was a robbery at which a gun was brandished? Because as the law on robbery that we cite in our brief explains, the taking is not completed until the possibility of the item being recovered has ended. A robbery is attempted and is in progress if something is snatched. But if a cop had walked into the store, or in this case, because they crashed their car just outside the store and then ran away- So the robbery is never completed. Correct, your honor. It's an attempt. It's an attempted robbery. But that was never charged. This would be a different case if the grand jury had alleged an attempted robbery. Then we might be in Dusard world, where there was a charged predicate that could step in for the invalid conspiracy. But there was a conspiracy, but that was never charged is what you're saying. There was a conspiracy, it was charged, and what he pleaded guilty to at the plea hearing, in the plea agreement as reflected in the PSR and the judgment, what he pleaded guilty to was gun use in relation to a conspiracy. And the law is- What happens if we agree with you and we vacate, then what happens? What do you mean? What is it that you want? Yeah. Mr. Wright, so the conviction would be vacated, he would still have a conviction for conspiracy. The 924C conviction would be vacated. That's correct. His term of supervised release- He's on supervised release. That's correct. What is it that you want? I'm sorry? What do you want? I want to throw out this unconstitutional conviction, your honor. And this will also shorten the term of Mr- I mean, the charge would be there. The government could pursue the charge again. That would be their option if they wanted to. Mr. Wright's already served his term, he's out on supervised release. His term of supervised release would be shortened. Right now he was serving the five year- On the 924C? That's correct. So the max would be three years. How long has he been out on supervised release? He's been out since October 2019. So he's still serving, the three years would end this October. So he'd be off supervision this October rather than serving another two years. So that's really, in terms of the practical effect for him, understanding that a conviction on 924C is important, but in terms of the sentencing, that's what- Right, that would be the most immediate practical effect for Mr. Wright. And of course, the larger legal point I'm making is that this is an unconstitutional conviction. And that has to be thrown out regardless of whether he was- And it shouldn't stand, because it's an unconstitutional conviction, it shouldn't stand. Precisely, your honor. The record is crystal clear. At the plea hearing, the government said, you are pleading guilty to gun use in relation to conspiracy. The magistrate said, you are pleading to gun use in relation to conspiracy. Mr. Wright said, I am pleading to gun use in relation to conspiracy. That's why the PSR says that's what he was convicted of. That's why the judgment says that's what he was convicted of. He did not plead guilty to gun use in relation to robbery. And a jury never found him guilty of that. But the district judge found it curious, that was her word, about how logically there could be a count three conviction if there was a count two conviction. She said that on the record. She did say, and she also found the case vexing and found no authority on point. And nonetheless, went with the government's legally unsupported argument that we could take Mr. Wright's unexercised entitlement to a grand jury indictment and use that to pronounce him guilty of a crime he never committed or pleaded- Is part of your argument that he did not intelligently plead to what he pled to? No, he intelligently pleaded guilty to gun possession in relation to conspiracy. That is the conviction in this case. That's what he said at the colloquy. That's what's in the plea agreement. That's what's in the judgment. But not to the underlying- The only quirk here is that that charge that he pleaded to was never alleged by a grand jury. But the Bastian case, which is in the government's brief and which is in our case, that was exactly the same situation there in Bastian. The individual had pleaded guilty again to a 924C offense that was not alleged by a grand jury. And Mr. Bastian, unlike Mr. Wright, he came into this court and he said, wait a minute. I couldn't have lawfully pleaded guilty to this crime. It was never charged by a grand jury. This court said, I'm sorry, you haven't demonstrated- You are not suggesting that he was confused in any way, shape, or form. Absolutely not. There's no confusion. There's no mistake. Exactly. The government's position that this was all just a mistake- No, no, no, no. Forget the government. I'm interested in your client. Yes. Are you not arguing, maybe I'll put it this way, are you arguing that your client was confused at any point during the plea? No. He pleaded guilty to gun use in relation to conspiracy. The record makes that crystal clear. He knew that. There's no confusion. We are not challenging the voluntary, willing, intelligent nature of the plea. We're just saying, let's look at the record here. He pleaded guilty to gun use in relation to a conspiracy. The record makes that crystal clear. And the government doesn't really deny it. They just say, well, what the record shows is it was just really a mistake. So this happened before Davis and Barrow. Years before, Your Honor, years before. And now that the government is unhappy with the deal that it struck with Mr. Wright, it's trying to undo that deal. And it's trying to pronounce him guilty of a crime he never pleaded guilty to. If there are no further questions, Your Honor, I'll reserve my time. Thank you. We'll hear from the government. Mr. Schaffer. Good morning, and may it please the court. My name is Jared Schaffer, and I represent the United States on this appeal. Count three of the indictment in this case charged the defendant with violating section 924C, a charge expressly predicated on a robbery that occurred in April 2012. That itself was expressly charged in count two of the same indictment as a substantive Hobbs Act violation. But you dropped the count too, didn't you? Because the robbery, as we've just discussed at some length, was never completed. That's not correct, Your Honor. It was a completed robbery. The government dismissed the count, but under Johnson v. United States, the defendant does not have to be convicted of count two in order for the section 924C- But why did you dismiss count two? We dismissed count two, as the AUSA at the time stated on the record in the addendum on pages two to three, to provide the defendant with an additional benefit commensurate with his other co-defendants by allowing him to plead to the conspiracy count, which gave him broader coverage for his criminal conduct. So you were not doing it because the robbery was never completed? No, Your Honor. That argument is completely legally and factually wrong in this case. Okay, is that in one sense to help? I'm sorry, Your Honor? It was in one sense. I mean, the record suggested it was to help further immunize the defendant. Yes, Your Honor. That is the stated purpose in the record for why the government allowed him to plead to count one. Counsel for the defendant has suggested there was some deal by which the government agreed that a count could be modified. If you scrub the defendant's briefs, you will find no citation to the record for that. That is completely and utterly untrue and unsupported by the record in any way. So you heard my question, my first question to Mr. Larson, and I've been in your shoes, Mr. Schaffer, and I've never seen the government, I've seen the government do a lot of different things affirmatively in a very clever way, and I've been there, but I've never seen the government affirmatively use the constructive amendment principles in its favor. Are you aware of the government ever doing that? We are not, Your Honor. This would be a first. It would be record-breaking. It would be record-breaking if that's what actually happened here, but it's not. The reason that we cite those cases is to show that there was no constructive amendment here, because the government knows it cannot constructively amend an indictment. The reason there are no cases where the government affirmatively advances this argument is because a constructive amendment is something that's typically raised by the defense. The government, I don't think, has encountered- Your Honor, it can only be raised, in my view, by the defense. Correct. It can only be invoked by the defense. But maybe I've misunderstood, then, the argument. You're saying that you're not invoking that in this case. We're invoking that to show why what Mr. Larson suggests happened could not have happened. Counsel, can I turn your attention to page 43 of the appendix? Yes, Your Honor. The criminal judgment, which says that the nature of Mr. Wright's 924C offense was brandishing a firearm in furtherance of robbery conspiracy. Why isn't that language dispositive? Because, Your Honor, if you look over to the right of that, it also says count three. This is equivocal at best. We acknowledge that this is an error. The government does regret this error and not identifying this for the court below. But Mr. Larson just told you that, in fact, the defendant pleaded to no count. That's not possible. The defendant pleaded to count three of the indictment. It is incorrectly described here, and that is unfortunate. But oftentimes- I'm talking about just an error, a technical error. Correct, Your Honor, which could be remedied, for instance, in other cases. Mr. Larson suggested this was an error of constitutional dimensions. Is he correct? He's not, Your Honor. The government, the parties often correct an error in a judgment, for instance, under Rule 36. And here, the defendant's factual basis for his plea, his allocution, which is in the appendix at 37 through 38, because there were follow-up questions that- But count three is incorrectly described at the allocution. Both the assistant and the court described it as in furtherance of conspiracy, robbery conspiracy. That's correct, Your Honor. And I understand that factually, I think he did allocute to the robbery. But why isn't that a significant error? It is an error, Your Honor. Again, the government regrets that error. We regret not identifying it at the time. But it's not a constitutional error here that would require reversal or granting of the motion for several reasons. The first is that the defendant was provided a copy of his indictment. And under Boozley v. United States, standing alone, that gives a presumption that he was informed of the nature of the charge against him. Except that the court, that would be one thing. But if the court then modifies or suggests something that's different from the indictment, you know, you've been there. Most defendants are listening to the district court judge. They're not reading the indictment that's been provided to them whenever, before the plea happens. So that's an important error. If the court endorses that error, unwittingly here, I think, obviously, but that's an important error. How can we ignore that? It may be, Your Honor. But in a case like that, the remedy for that error is an appeal. The defendant never appealed that conviction. Precisely because everyone understood that he was pleading to count three despite these descriptive errors. Whenever the defendant's plea was referred to, whenever the counts were referred to, the court, the government, defense counsel all referred specifically to this indictment. I mean, there is a concern. I'm sorry. No, go ahead. Look, there was a concern about possible gamesmanship by a defendant in these cases. There's no, you're not alleging that there's gamesmanship here in this particular case. He served his time, after all. No, Your Honor. We're not suggesting that there was gamesmanship. But I would point out that the argument for prejudice that the defendant has articulated here requires that at the time, he anticipated that half a decade later, the Supreme Court would decide Davis and Johnson resulting in a basis that would prejudice him. Because he must have been prejudiced at the time of his guilty plea. And there must have been a reasonable probability that but for this mismatch, he would not have pled guilty. And that's simply not borne out by the record. Do you have any insight as to why the government, I don't know if you tried the case, didn't file a superseding information which would have solved this problem for everyone? Why didn't they do it? I did not try this case, Your Honor. This is several AUSAs before me. But I will say that the reason that the government did not file a superseding information is because the charge was never changed. The idea that the charge was somehow changed and that this wasn't an error and it was a studied decision by counsel, which doesn't appear anywhere in the record, is simply wrong. There was no superseding instrument filed because the defendant pled guilty to count three of this indictment. And while it was incorrectly described, the defendant's factual allocution is sufficient to support that conviction. He never appealed it. And so he has procedurally defaulted that claim on this 2255 motion. And it is very clear that despite the errors, the court, the government, and the defense always referred to count three of this indictment and never suggested that there was any superseding instrument or some other hypothetical charge or no charge as counsel has stated. You mentioned to Mr. Larson, the district court seemed a little surprised at what the pleading was before her. And she said, how logically can there be a count three conviction if there isn't a count two conviction? She said that on the record. That's correct, Your Honor, and thank you very much. Some people were concerned at the time. No, Your Honor. Judge Wood's statement that you just highlighted was referencing why there can be a count three without a count two conviction. As the assistant correctly cited, and again, that's at the addendum pages two to three, this court's precedence in Johnson v. United States clearly resolved that issue. The government explained that, and Judge Wood accepted it. But what you've just pointed out, I think, is key. Her comment suggests that she understood that count three related to the robbery. Exactly, Your Honor. And more importantly, it shows that everyone in that proceeding understood it. There was no objection by defense counsel saying, hey, wait a minute, hold on. I actually pled guilty to something else that's not based on count two. Instead, they proceeded with the sentencing and defense counsel did not object to the PSR, which to your point, Judge Pooler, before reflects that this was, in fact, a robbery, not an attempted robbery. That's at PSR pages 18 and 13B. There were no objections to that, and the PSR was adopted. And defense counsel then asked for 84 months to be imposed on count three, which Judge Wood had just clarified for everyone was, in fact, predicated on count two. No objection by defense counsel, no objection by the government, no concern expressed by anyone. That is because the defendant pled guilty to count three, and despite these errors in describing it in these various locations, those errors are not legally capable of changing what the defendant was actually charged with or pled guilty to. Was the sentencing range based on robbery or robbery conspiracy? The sentencing range that he ultimately received, the 84 months? Neither, Your Honor. It was based on the section 924C count, which doesn't depend on the predicate. It depends on the count. The mandatory minimum. Yes, Your Honor. So, let's just go back to this idea of prejudice. Yes. That was the subject of some conversation earlier. Is it the government's view that because of the posture of this case, namely, we're on habeas review, if the defendant is unable to show prejudice, then he can't prevail? Yes, Your Honor. And if I could, just two. That's a very simple avenue. That's correct. And if I could, just two quick points on that. I see that my time is expired or expired long ago. The defense counsel has suggested that the prejudice in this instance is not prejudice flowing from a failure to challenge his knowing and voluntary guilty plea. That's rhetorical sleight of hand. The defendant is, in fact, trying to undo a knowing and voluntary plea, but because he cannot at this point, because the facts are against him and because it is procedurally defaulted. Instead, they begin from the premise that, in fact, something else entirely, which is unprecedented and relies on an imaginary hypothetical charge in some other indictment that was never filed, is, in fact, the operative charge. Almost talking about a form, not a personal prejudice to substantial rights in one sense in this case, but a structural per se prejudice as a result of this error. That is, the prejudice that accrues when you are not, you don't plead guilty to the actual charges that a grand jury found you were. Correct, Your Honor. And if that were, and if that is, in fact, what we're talking about, which I agree we are, then that was plain from the face of the indictment. It was plain from the allocution. It was plain when Judge Wood identified that very issue at the sentencing proceeding, and it was required to be raised on direct appeal. It never was, and it is now procedurally defaulted, and the defendant cannot demonstrate prejudice, i.e. that he, there's a reasonable probability that he would not have accepted this very generous plea deal had that been identified. Because he can't, I'm sorry, Your Honor, because he cannot identify that prejudice. In fact, he cannot even identify a cause for not raising this. It is procedurally defaulted, and it cannot be considered here. So, let me ask you, let's just say that we disagree with the government here. What do we do? What do you think we should do? Obviously, our preference is that you do not disagree with the government. But. Answer that, answer my very simple question. It's not a trick. What do we do? I think that's a hard question, Your Honor. I think to the extent that the court disagrees and thinks that, in fact, the government somehow agreed to allow the defendant. No, no, no, Mr. Chief, don't worry, don't worry. Just what do we do? You lose, what do we do? I don't know that I have any. We vacate. Yes, Your Honor, I think we would vacate the conviction. He's facing, he's on supervised release, and you heard Mr. Larson describe what he would want. Correct, Your Honor. I think you would vacate this conviction on the 924C. As Judge Chin pointed out, the government would be able to then proceed on that count again. The defendant has factually allocated to it under oath on the record. It's not clear to me what would happen at that point. But if the court does disagree with the government, I think vacature would be the only option. I'm not suggesting we agree or disagree. I just want to understand what the implications are in a way. And I apologize. The difficulty here is it's hard to understand what the remedy would be for the government proceeding on anything not charged in an indictment. It's simply not what happens. And I'm not sure that there is, in fact, some type of procedure to address that. Because it's simply not something that occurs. So rarely happens, you're suggesting. So rarely happens. That's why it would be difficult to imagine it. But it did happen here. It didn't happen here, Your Honor. It absolutely did not. And I don't think that there is a remedy or a typical procedure for it. Because not only is it rare. If it were to happen, the government would have constructively amended the indictment. We'd be in the flip posture. And it would be challenged probably successfully on appeal on that basis. Well, that's part of the question. So, but you could, just to recap, we would vacate the 924C conviction. You agree with that. The government could try, subject to a defense that you just alluded to, from the defendant, to re-indict him on the 924C count based on the elocution. But if it failed to- I didn't even know that you would have to re-indict him. I mean, the count three would be reinstated. The count stands, right? Yeah, correct. But you'd have to either plead guilty or go to trial on that count. And, but his term of supervisory release is up in October, if we're right. For the account, for what he would have pledged, though, if it was correct. That's what counsel is saying. I mean, if the government chose to proceed and he opposed it and went to trial and were convicted, there'd be another sentencing and he could get more jail time. Yeah, but he might also- Benefit of acceptance of responsibility and et cetera. He might also be- I can't conceive that the government would want to retry him. Well, the government could. To make a conviction. The government's choice. Could you agree with that? I don't know that the government has a position on exactly what it would do at this point, your honor. But what I would point- Doesn't the government have a common sense position on that? Whether it would make sense? I think common sense, your honor, is that this all proceeded correctly and the count should never be vacated. Correct, we know that's your view. But assuming that we differ from your view and we decide to vacate the conviction, doesn't it make sense that the government would just let it lie and would not retry him? I think this defendant admitted to committing a robbery using a gun and stealing $60,000 worth of jewelry and participating in a longer robbery conspiracy. Served seven years for that. Correct, your honor. We would seriously consider the gravity of that conduct. And if his conviction were vacated or reversed, we would have to consider very carefully what to do. This is a serious crime that harmed people. And that is a difficult question that the government would have to weigh. Okay, no common sense. Go on. Well, thank you very much. And Mr. Schaffer, it's just questions, not answers yet. Okay. Thank you, your honor. Mr. Larson. Thank you, Judge Lawyer. On the issue of prejudice, if at the allocution, the government had said count three is in furtherance of robbery, and the magistrate judge said count three is in furtherance of robbery, would the defendant not have pled guilty? If he had a good lawyer, he would not have pleaded guilty, your honor. Because in that alternate universe, if they had tried to make him allocute to- Why would he have not pled guilty? Because a good lawyer would have pointed out that what happened on April 5th, 2012 was not a robbery. It was an attempted robbery. And again, the cases we cite support this. If you snatch something and in the process of getting away are foiled, that's an attempt. It's not until you reach a place of safety that it's a completed robbery. The government cites no authority to the contrary, zero. That was an attempted robbery. And so if Mr. Wright in that alternate universe had had a good lawyer and  there was no robbery, the lawyer would have said no, there was no robbery, there was a conspiracy. And that's why Mr. Wright pleaded guilty to gun use in relation to conspiracy. And I want to emphasize this, your honor, your honors. At every single step of the way in this process, all of the parties, the government, Mr. Wright, the judge, the judgment. All of these things reflected the fact that what actually happened in reality in this case is that Mr. Wright pleaded guilty to gun use in relation to a conspiracy. It doesn't matter that count three charged, crime X. An indictment is just an allegation, your honors. Matt, just to follow up on this issue of prejudice. Can you, with a little bit more precision, it's very important, describe what the prejudice is here that you want us to write. Right. The prejudice right now, aside from, well, aside from Judge Wood declaring him now convicted of a crime he neither pleaded to nor a jury never found. Besides that prejudice, your honor, he's currently serving a five year term of supervised release. That is in excess of the statutory maximum, which would apply under what the law commands in this case. The law commands in this case, vacator of the 924C conviction, that leaves only the conspiracy conviction. The maximum- Is that how we're supposed to view prejudice in this case? My principle submission on prejudice, your honor, as I say in the briefing, is that being deemed convicted of a crime that you never pled to and that a jury never convicted you of doing, that's pretty much the bedrock definition of prejudice in our system. Have we ever described prejudice in the habeas context in that way? I think it's foundational, your honor. I mean, what's more elementary- So when someone says foundational, I look for my wallet. Have we ever described, or has the Supreme Court ever described prejudice in the way that you are describing? I'm not sure, your honor, but the way that I'm describing it is to be deemed guilty of a crime you never pleaded guilty to and a jury never convicted you of committing. I think, given foundational principles of our constitutional order, I can't think of something more prejudicial than that. Now, practically speaking, the prejudice to Mr. Wright- But the problem, when you say foundational, we have a statute that's what drives our review. And so, in the context of the habeas statute, have we indicated that that is a form of prejudice that we would recognize? The plain text of the statute covers the situation it talks about unconstitutional convictions. But you do not actually claim actual innocence in this case. What I'm claiming, your honor- Is that correct? Actually, well, let's talk for just one second- No, no, no, no, no, just answer that very simple question. Do you claim actual innocence in this case? We are claiming actual innocence of what Judge Wood just last year pronounced Mr. Wright guilty of. For the last 10 years or so, as his judgment has reflected, and as every other record in this case has reflected, for the last 10 years or so, Mr. Wright stood convicted of gun use in relation to a conspiracy. What happened last year was that Judge Wood said, actually, I'm now going to deem this conviction as relating to robbery, and that's why we're not going to vacate it under Davis and Barrett. She decided that she was going to redesignate this conviction as for being for an offense that Mr. Wright never pleaded guilty to and also never allocated to. And this is important, your honors. The government keeps saying he admitted to using the gun in relation to a robbery. Page 36 of the appendix, this is what he actually said, Mr. Wright. I agreed with others to commit robbery. Pursuant to the agreement, a gun was brandished. That's a conspiracy. Now, the word robbery- 38, 38, 38. The word robbery may have been used in this colloquy by some party. The fact that there was no objection at that time doesn't turn these events, which legally did not constitute a robbery, into a robbery. Look at the facts and look at the law, your honors. This was an attempted robbery, and again, the government has cited nothing to show otherwise. So on that prejudice question then, if in an alternate universe, Mr. Wright had been asked if he wanted to plead guilty to gun use in relation to a robbery, if he had a good lawyer, the lawyer would have said no. There was no robbery. There was an attempt. And I suspect for that reason, that is why the parties renegotiated this deal. Because the government realized, oh, wait a minute. They actually didn't get anything. They actually got foiled. You agree that in the habeas proceedings, there was never a claim below of actual innocence. Other than never a straightforward claim of I am actually innocent. He pled guilty. He had to give the actual innocence. Your honor, forgive me if I seem a little confused by your question, because I'm just, when you're asking about actual innocence, the way that I look at the case is this. Up until last year, when Judge Wood issued her ruling, which reclassified this conviction for being something that it isn't, Mr. Wright stood convicted of gun use in relation to a conspiracy. We have not claimed actual innocence to that. That's the crime he pled to. Okay. That is the crime he pled to. What we're now complaining about is the fact that rather than vacate that conviction, as Davis and Barrett require, Judge Wood just pronounced him guilty of a totally different offense. Gun use in relation to a robbery. The problem with her doing that, your honor, is that he never pled to that crime and a jury never convicted him of it. I understand that. But is he claiming that he is innocent of the underlying substance of robbery? There was no substance of robbery, your honor. So you're saying it was an attempted? It was an attempted robbery. And if that had been charged, then we would be in Dussard world, where there would be a valid predicate that could step in. But we're not in that world. This is a weird case, but the facts could not be clearer, your honor. And again, I just want to emphasize, please look through all of the record sites we've given you. At every single step of the way, all of the parties, the government included, confirmed over and over and over again that this conviction was for gun use in relation to a conspiracy. Do not let them fool you now. Do not let them fool you like they fooled Judge Wood, unfortunately. This conviction is for gun use during a conspiracy. I don't think it's, say, government is trying to confuse us. I just don't see that. Well, I apologize for that, your honor. What I would ask you to do is look at the record and look at the law and look at the only sensible outcome in this case, vacator of this unconstitutional conviction. Thank you very much. I think we all appreciate the arguments on both sides. We'll reserve the decision.